## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**DAVID JOHN HART,**

    **Plaintiff,**

**v.**                **CIVIL ACTION NO.: _____**

**SCHOLL'S WELLNESS COMPANY, LLC**

**and**

**CALERES, INC.**

**and**

**YELLOW WOOD PARTNERS, LLC**

**and**

**BROWN GROUP RETAIL, INC.,**

    **Defendants.**

### COMPLAINT

COMES NOW the Plaintiff, DAVID JOHN HART, by counsel, as and for his Complaint against the Defendants, SCHOLL'S WELLNESS COMPANY, LLC (hereinafter "Defendant SCHOLL'S), CALERES, INC. (hereinafter "Defendant CALERES"), YELLOW WOOD PARTNERS, LLC (hereinafter "Defendant YELLOW WOOD) and BROWN GROUP RETAIL, INC. (hereinafter "Defendant BROWN GROUP"), and each of them, jointly and severally, states as follows:

### Jurisdiction

1.   This is a diversity of citizenship tort action within the meaning of 28 U.S.C. §1332.

## The Parties

2.      At all relevant times herein, the Plaintiff has been a citizen of the Commonwealth of Virginia and was living in the City of Virginia Beach.

3.      At all relevant times herein, Defendant SCHOLL's was and is a limited liability company, organized and existing under the laws of the State of Delaware, and doing business in the Commonwealth of Virginia, to-wit: the design, manufacture, marketing, sale and distribution of shoes, *inter alia*, to consumers such as the Plaintiff.

4.      At all times relevant herein, Defendant CALERES was and is a corporation organized and existing under the laws of the State of New York, and doing business in the Commonwealth of Virginia, to-wit: the design, manufacture, marketing, sale and distribution of shoes, *inter alia*, to consumers such as the Plaintiff.

5.      At all times relevant herein, Defendant YELLOW WOOD was and is a limited liability company, organized and existing under the laws of the State of Delaware, and doing business in the Commonwealth of Virginia, to-wit: the design, manufacture, marketing, sale and distribution of shoes, *inter alia*, to consumers such as the Plaintiff.

6.      At all times relevant herein, Defendant BROWN RETAIL was and is a corporation, organized and existing under the laws of the Commonwealth of Pennsylvania, and doing business in the Commonwealth of Virginia, to-wit: the design, manufacture, marketing, sale and distribution of shoes, *inter alia*, to consumers such as the Plaintiff.

## Venue

7.      The venue of the Court is proper pursuant to 28 U.S.C. §1391(b)(2) as the incident giving rise to this cause of action occurred in the City of Norfolk, Virginia.

## Facts and Liability

8.      On December 6, 2019, in the City of Norfolk, Virginia, the Plaintiff was injured when he slipped and fell from a ladder and roof on which he had been working as part of his normal, routine construction profession.

9.      At the time of the incident, the Plaintiff was wearing shoes designed, manufactured, marketed, sold and distributed by the Defendants, and each of them.

10.     The subject shoe the Plaintiff was wearing at the time was branded by the Defendants, and each of them, as the "Harrington" model and was designed, marketed, sold and distributed as, *inter alia*, an "Oxford" work shoe and one that was slip resistant.

11.     On the basis of the Defendants' marketing and given the line of work in which he was employed, the Plaintiff purchased the subject shoes in Virginia at some point prior to December 6, 2019.

12.     The shoes were designed, manufactured, sold and distributed by the Defendants with hard, plastic yellow strips inlayed between the sole's tread patterns that, when brand new, would not make contact with the surface on which an individual was walking.

13.     As a result of normal wear and tear, the sole tread of the shoes began to wear down and, unbeknownst to the Plaintiff, ultimately directly exposed the aforementioned yellow strips to surfaces on which the Plaintiff was walking.

14.     On December 6, 2019, while the Plaintiff stepped from a ladder to the roof during his work performance, he flexed his foot in a normal manner for placement on the roof to which he was stepping which caused the yellow strips to make direct contact with the angled roof surface causing his foot to slip suddenly and without warning and resulting in his fall and the serious injuries he sustained.

## Count I – Defective Design

15.     The Defendants, and each of them, knowingly and purposely designed the subject shoe with the aforementioned yellow strips inlayed into the sole tread pattern.

16.     The Defendants, and each of them, owed a duty to use ordinary care to design the subject shoe in such a manner as to make it reasonably safe for its intended purpose and for any reasonably foreseeable purpose.

17.     The Defendants, and each of them, were careless and negligent in that they failed to use ordinary care in designing the subject shoe with the yellow strips inlayed in the sole tread pattern as such was unreasonably dangerous, not reasonably safe for its intended purpose or for the foreseeable purpose for which the Plaintiff was utilizing the shoe.

18.     The Defendants, and each of them, knew or should have known that the shoe with the inlayed yellow strip was potentially and unreasonably dangerous and that injury to persons, including the Plaintiff, could be anticipated.

19.     The Defendants, and each of them, had a duty to warn their customers, including the Plaintiff, that, given the yellow strip inlay, the shoe was unreasonably dangerous and not reasonably safe for its intended purposes and they breached this duty of care by carelessly and negligently failing to warn their customers, including the Plaintiff.

20.     The Defendants, and each of them, in the design of the shoe, had a duty to perform inspections and testing that are reasonably necessary to confirm that the shoe was safe for its intended use and for any reasonably foreseeable purposes such as what the Plaintiff was utilizing them for.

21.     The Defendants, and each of them, were careless and negligent in not performing sufficient inspections and testing that were necessary to confirm that the shoe was safe for its

intended use and for any reasonably foreseeable purposes such as what the Plaintiff was utilizing them for.

## Count II – Breach Of Express Warranty

22.     The Defendants, and each of them, marketed, sold and distributed to its customers, including the Plaintiff, the subject shoe as a work shoe that was slip resistant.

23.     The marketing, sale and distribution by the Defendants to its customers, including the Plaintiff, that the subject shoe was a slip resistant work shoe constituted an express warranty.

24.     The Plaintiff relied on the marketing, sale and distribution by the Defendants that their shoe was a work shoe that was slip resistant such that it became a part of the basis of the sale and/or bargain between the Plaintiff and Defendants.

25.     When the Defendants, and each of them, made statements, through advertising or otherwise, relating to the subject shoe that it designed, manufactured, sold and distributed, such become a part of the basis of the bargain between them and the Plaintiff and created an express warranty that the shoe would conform to such statements.

26.     The Defendant breached the express warranty provided to the Plaintiff by selling and providing him with a shoe that did not conform to the statements made that were a basis of the sale and/or bargain, to-wit: that the shoe was safe for work and was slip resistant.

## Count III – Breach Of Implied Warranty

27.     The Defendants, and each of them, created an implied warranty that the subject shoe could be used for a particular purpose, to-wit: as a work shoe that would be slip resistant, and knew or should have known that customers, including the Plaintiff would rely on the Defendants' skill and judgment in selecting the shoe for purchase and for uses consistent with those particular purposes.

28.     The Plaintiff relied on the Defendants, and each of their, skill and judgment in selecting the subject shoe and that it would be safe and reliable as a work shoe that was slip resistant.

29.     The Defendants, and each of them, breached their implied warranty for fitness for a particular purpose in selling to the Plaintiff a shoe that was not fit for its particular purpose, which was as a slip resistant work shoe.

30.     The Defendants, and each of them, created an implied warranty of merchantability that the subject shoe would be fit for the purposes for which it would be ordinarily used, to-wit: as a work shoe that was slip resistant.

31.     The Defendants, and each of them, created an implied warranty of merchantability that the subject shoe would conform to the promises or affirmations made in support of it, to-wit: that it was a work shoe that was slip resistant.

32.     The Defendants, and each of them, breached the implied warranties of merchantability in that the subject shoe was not fit for the purposes for which the Defendants knew it would be ordinarily used and that it did not conform to the promises or affirmations made by the Defendants in support of it as set forth above.

33.     The Plaintiff relied to his detriment on the implied warranties of fitness for a particular purpose and merchantability provided to him by the Defendants, and each of them, and such reliance was reasonably foreseeable to the Defendants.

## Count IV – Virginia Consumer Protection Act

34.     At all times relevant herein, the Defendants, and each of them, were suppliers who were advertising, soliciting and engaging in consumer transactions in Virginia within the meaning of the Virginia Consumer Protection Act (Va. Code §59.1-196, et seq.).

35.     The sale in Virginia by the Defendants to the Plaintiff of the subject shoe constitutes a consumer transaction withing the meaning of the Virginia Consumer Protection Act.

36.     In advertising, soliciting and ultimately engaging in the consumer transaction with the Plaintiff, namely the sale and purchase of the subject shoes, the Defendants, and each of them, violated the provisions of the Virginia Consumer Protection Act in the following manners:

      a.     Misrepresenting that the shoes had the certain characteristics, uses and benefits of being work shoes that were slip resistant.

      b.     Misrepresenting that the shoes were of a particular standard, quality or grade, to-wit: that they were slip resistant.

37.     The shoes sold to the Plaintiff by the Defendants were not slip resistant in that the aforementioned yellow strip inlay, designed and installed by the Defendants, after normal wear and tear, became exposed to the surfaces on which the Plaintiff was walking, namely the ladder and roof as set forth above, and was made of a material that was not slip resistant and caused the shoes to in fact slip resulting in the Plaintiff's fall.

38.     The Plaintiff relied to his detriment on the Defendants, and each of their, advertising and soliciting of the subject shoe as being a slip resistant work shoe.

39.     As a direct and proximate result of the Defendants' violations of the Virginia Consumer Protection Act, the Plaintiff suffered actual damages as set forth in paragraph 44 below.

## Conclusion

40.     At all times set forth herein, the Defendant, and each of them, acted by and through their employees and/or agents for all acts, commissions and omissions as set forth above.

41.     The Defendants, and each of them, are vicariously liable for all negligent acts, all acts resulting in breaches of the aforementioned warranties and all violations of the Virginia Consumer Protection Act committed by its employees and/or agents while same were in the course and scope of their employment and/or agency with the Defendants.

42.     The Plaintiff in no way caused or contributed to the incident and/or his injuries.

43.     The negligent acts as set forth above as well as the breaches of warranties and violations of the Virginia Consumer Protection Act each constituted proximate causes of the incident, injuries and damages suffered by the Plaintiff.

44.     As a direct and proximate result of the above acts of the Defendants, and each of them, the Plaintiff was caused to sustain serious injuries; has been prevented from transacting his business, personal affairs and household duties; has suffered great pain of body and mind and inconvenience; has incurred hospital, doctors' and related bills in an effort to be cured of said injuries; has lost wages from his gainful employment; and has suffered permanent disfigurement and deformity.

WHEREFORE, the Plaintiff demands judgment against the Defendants, and each of them, jointly and severally, in the amount of FOUR MILLION DOLLARS ($4,000,000.00) with prejudgment interest thereon from December 6, 2019, reasonable attorney's fees, the costs of these proceedings, and such further equitable and legal relief as the Court may deem just.

TRIAL BY JURY IS HEREBY DEMANDED.

DAVID JOHN HART

Keith J. Leonard, Esquire
VSB No. 65668
Zachary L. Hutchison, Esquire
VSB No. 86293
Huffman & Huffman, Brothers-in-Law, P.L.L.C.
12284 Warwick Boulevard, Suite 2A
Newport News, VA 23606
Tel:  757-599-6050
Fax: 757-591-2784
kleonard@huffmanhuffman.com
zhutchison@huffmanhuffman.com
Counsel for the Plaintiff